IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ROBERT CULLARS, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-020 |
| | ) | |
| MARK MOORE; KALVIN JOHNSON; | ) | |
| JASON DARRACOTT; and | ) | |
| BRIAN GEORGE, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Calhoun State Prison, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred in Wilkes County, Georgia. Because Plaintiff is proceeding IFP, his complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*). Plaintiff has complied with the Court's prior order to file an amended complaint. (See doc. nos. 15, 16.)

**I.     Screening the Amended Complaint**

   **A.     Background**

Plaintiff names the following Defendants, all of whom appear to be deputies with the Wilkes County Sheriff's Department: (1) Kalvin Johnson; (2) Jason Darracott; and (3) Brian

George. (See doc. no. 16, pp. 1-3.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

During Plaintiff's April 7, 2023 arrest, all three deputies "jumped" and "tazed" Plaintiff "for no reason" because he "didn't committ [sic] no crime." (Id. at 4-5.) Rather, Plaintiff was "trying to pray on private property." (Id. at 5.) Defendants took Plaintiff's keys, two Rolex watches, and three coins, but they also left Plaintiff's prayer rug and hat "at the store." (Id.) Plaintiff had blood on his hands and arms as a result of being slammed to the ground. (Id.) Plaintiff seeks to have all charges against him dropped and to be paid $400,000 in damages. (Id.)

  **B.  Discussion**

    **1.  Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the

2

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff No Longer Names Mark Moore as a Defendant

As the Court previously explained, (doc. no. 15, p. 5), Plaintiff's amended complaint supersedes and replaces in its entirety the previous pleading filed by Plaintiff. See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016). Plaintiff originally named former Wilkes County Sheriff Mark Moore as a Defendant. (See doc. no. 1, pp. 1, 2.) The amended complaint

no longer lists Mark Moore as a Defendant and does not describe any actions taken by him. (See generally doc. no. 16.) Dismissal of Mark Moore is therefore appropriate. See Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); see also West v. Atkins, 487 U.S. 42, 48 (1988) (requiring in § 1983 case allegation of violation of right secured by Constitution or laws of United States by person acting under color of state law).

### 3. Plaintiff Fails to State a Claim for Loss of Personal Property

Plaintiff alleges Defendants Johnson, Darracott, and George took his keys, two Rolex watches, three coins, and caused him to lose his prayer rug and hat. (Doc. no. 16, p. 5.) The Fourteenth Amendment does not protect against all deprivations of property, only against deprivations that occur "without due process of law." Parratt v. Taylor, 451 U.S. 527, 537 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-31 (1986). Georgia has created a civil cause of action for the wrongful deprivation of personal property. O.C.G.A. § 51-10-1. This statutory provision covers the unauthorized deprivation of an inmate's property. Grant v. Newsome, 411 S.E.2d 796, 798-99 (Ga. Ct. App. 1991) (explaining O.C.G.A. § 51-10-1 applied to claim by prisoner that warden had improperly frozen and deprived prisoner use of funds in inmate trust account). The statutory cause of action constitutes an adequate post-deprivation remedy under Parratt. See Byrd v. Stewart, 811 F.2d 554, 555 n.1 (11th Cir. 1987). Thus, Plaintiff has an adequate remedy at State law, and he fails to state a valid § 1983 claim against any Defendant for the loss of personal property.

### 4.    Plaintiff Fails to State a First Amendment Claim

Although Plaintiff mentions the First Amendment as a basis for jurisdiction, (doc. no. 16, p. 3), he provides no factual detail supporting any such claim, stating only that he was arrested for praying on private property, (id. at 5).  "To state a claim under the First Amendment's Free Exercise Clause, a plaintiff must plead facts showing a 'substantial burden' on a sincerely held religious belief." Robbins v. Robertson, 782 F. App'x 794, 801 (11th Cir. 2019) (citations omitted).  Moreover, a "substantial burden" involves "more than an incidental effect or inconvenience on religious exercise and 'is akin to significant pressure which directly coerces the religious adherent to conform his or her behavior accordingly.'"  Id. (citing Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1227 (11th Cir. 2004)).  Plaintiff provides no details about the sincerity of his religious belief or any facts supporting a conclusion that a one-time interaction with Defendants who apparently told Plaintiff he could not pray at a particular location on private property imposed a substantial burden on a sincerely held religious belief.  Therefore, he fails to state a viable First Amendment claim.

### 5.    Plaintiff Cannot Obtain Habeas Corpus Relief in a § 1983 Case

"[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement' . . . .  He must seek federal habeas corpus relief (or appropriate state relief) instead." Wilkinson v. Dotson, 544 U.S. 74, 78 (2005).  Federal habeas corpus statutes and § 1983 "are mutually exclusive:  if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a § 1983 civil rights action." Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006).  Moreover, under Heck v. Humphrey, 512 U.S. 477, 487 (1994), Plaintiff may not proceed with a § 1983 claim for damages where success would necessarily imply the unlawfulness of the conviction or sentence.

Here, in the section reserved for identifying the basis of federal jurisdiction, Plaintiff mentions certain Georgia statutes relating to false imprisonment and procedural requirements regarding arrest, suggesting he is attempting to challenge his conviction based on the manner in which he was arrested and held prior to his return to state prison. (Doc. no. 16, pp. 3, 5.) However, Plaintiff fails to provide any factual details in his statement of claim related to the charges stemming from, or procedural events related to, his arrest. (See id. at 3, 5.) He also seeks both monetary damages and an order "dropping" his charges. (Id. at 5.) Plaintiff has not alleged any of the charges leading to his incarceration have been resolved in his favor such that § 1983 claims for money damages would not be barred by Heck. Moreover, to the extent Plaintiff may seek to challenge the "validity of any confinement or to particulars affecting its duration," such claims "are the province of habeas corpus." Muhammad v. Close, 540 U.S. 749, 750 (2004) (*per curiam*) (citation omitted). Thus, to the extent Plaintiff may be attempting to challenge the conviction leading to his incarceration and continuing imprisonment, or to obtain monetary damages for the same, he fails to state a valid claim for relief in this § 1983 case.[1]

## II. Conclusion

For the reasons explained above, the Court **REPORTS** and **RECOMMENDS** former Defendant Mark Moore, along with any claims related to the loss of personal property, the First Amendment, habeas corpus relief, or money damages related to his current incarceration, be **DISMISSED** for failure to state a claim upon which relief can be granted. By separate Order, the Court directs service of process on Defendants Johnson, Darracott, and George based on Plaintiff's

---

[1] For the sake of completeness, the Court notes that any federal habeas corpus claims would be subject to all requirements of the Anti-Terrorism and Effective Death Penalty Act of 1996, including but not limited to the restriction on second or successive petitions, the one-year statute of limitation, and exhaustion of state court remedies. See 28 U.S.C. §§ 2244, 2254.

allegation of use of excessive force during his arrest.

SO REPORTED and RECOMMENDED this 18th day of July, 2025, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA