IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| ROBERT CULLARS, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-020 |
| | ) | |
| KALVIN JOHNSON; | ) | |
| JASON DARRACOTT; and | ) | |
| BRIAN GEORGE, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff filed the above-styled civil action pursuant to 42 U.S.C. § 1983.  Defendants filed a motion for summary judgment.  (Doc. no. 36.)  Plaintiff has not filed a response.  To make sure Plaintiff fully understands the ramifications of Defendants' motion for summary judgment should he not file a response, the Court will now reiterate to Plaintiff the consequences of a motion for summary judgment.[1]

Once a motion for summary judgment is filed, the opponent should be afforded a reasonable opportunity to counter the affidavits of the movant.  Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985).  The reasonable opportunity encompasses not only time to respond, but notice and an explanation of rights that may be lost if a response is not filed.  Id.

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

---

[1]Plaintiff was first informed of the consequences of a summary judgment motion in the Court's July 18, 2025 Order.  (Doc. no. 19, p. 5.)

R. Civ. P. 56(a).  The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and demonstrating that there is an absence of any dispute as to a material fact.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).  Also, the moving party may be granted summary judgment if they show the Court that there is an absence of evidence to support the non-moving party's case.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  If the moving party makes this showing, then they are entitled to a judgment as a matter of law because the non-moving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof.  Id.

This Court in ruling on a summary judgment motion must determine whether under the governing law there can be but one reasonable conclusion as to the verdict.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  Moreover, a mere existence of a scintilla of evidence in support of Plaintiff's position is not sufficient to defeat a summary judgment motion; there must be evidence on which the jury could reasonably find for Plaintiff.  See id. at 252.  All reasonable doubts, however, must be resolved in favor of the party opposing summary judgment.  Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co., 655 F.2d 598, 602 (5th Cir. Unit B Sept. 1981).[2]  When, however, the moving party's motion for summary judgment has pierced the pleadings of the opposing party, the burden then shifts to the opposing party to show that a genuine issue of fact exists.  This burden cannot be carried by reliance on the conclusory allegations contained within the complaint.  Morris v. Ross, 663 F.2d 1032, 1033 (11th Cir. 1981).

---

[2]In Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Should Plaintiff not express opposition to Defendants' motion, the consequences are these: Any factual assertions made in the affidavits of the party moving for summary judgment will be deemed admitted by this Court pursuant to Loc. R. 7.5 and Fed. R. Civ. P. 56 unless Plaintiff contradicts the movant's assertions through submission of his own affidavits or other documentary evidence, and the motion for summary judgment will be granted on the grounds that said motion is unopposed. See Loc. R. 7.5.

Accordingly, the Court **ORDERS** Plaintiff to file any opposition to Defendants' motion for summary judgment, with appropriate supporting affidavits, or to inform the Court of his decision not to object to Defendants' motion, by no later than May 12, 2026. To ensure that Plaintiff's response is made with fair notice of the requirements of the summary judgment rule, the Court **INSTRUCTS** the **CLERK** to attach a copy of Fed. R. Civ. P. 56 to the copy of this Order that is served on Plaintiff.

Finally, the Court notes Plaintiff provided the Clerk of Court with an address for the Metro Reinvestment Center in Hapeville, Georgia, using a Post Office Box, (doc. no. 22), but Defendants served their motion for summary judgment at an Atlanta street address for the Metro Reinvestment Center, (doc. no 36-1, p. 17). There is no indication on the docket Plaintiff has not been receiving the service copies of filings sent to either address. Nevertheless, in an abundance of caution, Plaintiff's response to the summary judgment motion shall clarify the proper mailing address for his current location.

SO ORDERED this 21st day of April, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3